FORM: 101
[CITATION]

SEVENTH JUDICIAL DISTRICT COURT

PARISH OF CONCORDIA

STATE OF LOUISIANA

*Hand Delivered By Gayle on 12-2-08 to ABF*

44151-A

*Date of Service unknown ABF*

(318)

RICHARD STEWART, JR

V

MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN & CITY OF FERRIDAY

TO: CITY OF FERRIDAY LOUISIANA
THRU HONORABLE GLEN MCGLOTHIN
1116 2ND STREET
FERRIDAY, LA

Parish of CONCORDIA

You are hereby summoned to comply with the demand contained in the Petition of which A TRUE AND CORRECT COPY ACCOMPANIES THIS CITATION, or make an appearance either by filing a pleading or otherwise, in the Seventh Judicial District Court in and for the Parish of Concordia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney ALLAN PLACKE and was issued by the Clerk of Court on November 26, 2008.

_____
Deputy Clerk of Court for
Clyde R. Webber, Jr., Clerk of Court

SERVICE INFORMATION

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___ served the above name party as follows:

**PERSONAL SERVICE** on the party herein named _____.

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: PARISH OF _____ this ____ day of _____, 20___.

SERVICE $ _____
MILEAGE $ _____
TOTAL $ _____

BY: _____
Deputy Sheriff


EXHIBIT A

SERVICE

SEVENTH JUDICIAL DISTRICT COURT

PARISH OF CONCORDIA

STATE OF LOUISIANA

| | |
|---|---|
| RICHARD STEWART, JR. | FILED: 11/26/08 |
| VS. NO. 44157 | DIVISION A |
| MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN AND CITY OF FERRIDAY | DY. CLERK: [signature] |

PETITION

The Petition of RICHARD STEWART, JR., a major resident of the Parish of Concordia, State of Louisiana, respectfully represents:

1.

Petitioner names as defendants herein the following:

(a) MICHAEL BELL, a major resident of the Parish of Concordia, State of Louisiana, who may be served through the Ferriday Police Department at 1302 Ee Wallace Blvd. North, Ferriday, Louisiana 71334;

(b) RICKY HOLLINS, a major resident of the Parish of Concordia, State of Louisiana, who may be served through the Ferriday Police Department at 1302 Ee Wallace Blvd. North, Ferriday, Louisiana 71334;

(c) D. J. FREEMAN, a major resident of the Parish of Concordia, State of Louisiana, who may be served through the Ferriday Police Department at 1302 Ee Wallace Blvd. North, Ferriday, Louisiana 71334;

(d) CITY OF FERRIDAY, LOUISIANA, a municipal corporation authorized and legally incorporated under the existing laws and constitution of the State of Louisiana with it's Major, the Honorable Glen McGlothin, 1116 2nd Street, Ferriday, Louisiana 71334 as its agent for service of process;

2.

Petitioner shows that at all material times herein, he was the owner of Stewart Arts and Crafts located at 120 Louisiana Street in Ferriday, Louisiana.

3.

Petitioner shows that on or about February 18, 2008 he was in his place of business when he was ordered by the defendants, MICHAEL BELL, RICKY HOLLINS, and D. J. FREEMAN, all employed by the defendant, CITY OF FERRIDAY, as police officers, to come out of his shop with his hands up. Petitioner shows that he was well known by all defendants as he has lived in Ferriday for many years and operated his business in the town.

[signature]

4.

Petitioner shows that he complied with the police officers' orders and came out the front door of his shop with his hands raised high in the air and observed several guns and lights pointed at him.

5.

Petitioner shows that he was pushed and thrown to the ground by the defendant, MICHAEL BELL, and that he severely injured his right shoulder which will require surgery to repair. Petitioner shows that the defendants subsequently simply laughed and then walked away and left him without any explanation as to the reason for their actions.

6.

Petitioner shows that the defendants clearly recognized him and that they never asked for any form of identification, and further, there was absolutely no need to use any force as plaintiff is an elderly man who complied with all of the instructions he was given by the defendant police officers. Petitioner further shows that he was never arrested or charged with any crime or offense as a result of the aforementioned incident.

7.

Petitioner shows that the hereinabove described incident was a result of the combined negligence of the defendants, MICHAEL BELL, RICKY HOLLINS, and D. J. FREEMAN, and any other police officer employed by the CITY OF FERRIDAY, and THE CITY OF FERRIDAY, and petitioner sets forth the said negligence in the following non-exclusive particulars, to wit:

(a) improper use of force;

(b) use of excessive force;

(c) unlawful use of force;

(d) failing to conduct a proper or reasonable investigation;

(e) failing to properly identify plaintiff after he had complied with the defendants' orders and had his hands raised;

(f) violating plaintiff's civil rights as guaranteed in both the Louisiana and United States Constitution; and

(g) other such acts as may be shown during the course of discovery and on final trial hereof.

8.

Petitioner shows that at all material times mentioned herein, the defendants, MICHAEL BELL, RICKY HOLLINS, and D. J. FREEMAN, as well as all other police officers involved in

the above described incident, were employed by the defendant, CITY OF FERRIDAY, as police officers and were acting within the course and scope of their employment with the defendant, CITY OF FERRIDAY, and the defendant, CITY OF FERRIDAY, is vicariously liable to petitioner for the negligent acts and/or omissions of the defendant officers.

9.

Petitioners shows that as a result of the hereinabove described incident, he suffered serious personal injuries including but not limited to his right shoulder and left leg, and that he is entitled to general and special damages and itemizes said general and special damages in the following non-exclusive particulars, to wit:

(a) Pain, suffering and disability (past, present and future);

(b) Mental anguish and emotional distress (past, present and future)

(c) Medical expenses (past, present and future);

(d) Lost wages and/or earning capacity;

(e) Loss of quality and/or enjoyment of life; and

(f) Other damages as may be shown on final trial herein

10.

Petitioner shows that the defendants are justly and truly indebted unto him for all sums as are just and reasonable in the premises, severally, jointly and in solido, with legal interest thereon from date of judicial demand until paid, attorney fees provided by law, and all costs of these proceedings.

WHEREFORE, PETITONER PRAYS that this Petition be duly filed and served and that after due proceedings had, there be judgment herein in favor of petitioner, RICHARD STEWART, JR., and against the defendants, MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN AND CITY OF FERRIDAY, jointly, severally and in solido, for all sums as are just and reasonable in the premises, with legal interest thereon from date of judicial demand until paid, attorney fees as may be provided by law, and for all costs of these proceedings.

FURTHER PRAYS for full, general, and equitable relief.

Respectfully submitted,

BY: _____
ALLAN L. PLACKE # 9467
JOHNSON & PLACKE, L.L.P.
105 Regency Place
West Monroe, Louisiana 71291
Phone # 318-322-7000

**FORM: 101**
**[CITATION]**

ND AXWELL, Sheriff
**CONCORDIA PARISH SHERIFF'S OFFICE**
VIDALIA, LA

Case No. 44151

☐ Moved (New Address) _____

44151-A

RICHARD STEWART, JR

V

MICHAEL BELL, RICKY HOLLINS, D.J. FREEM.
FERRIDAY

TO: MICHAEL BELL
    THRU FERRIDAY POLICE DEPT
    1302 EE WALLACE BLVD
    FERRIDAY, LA

Parish of CONCORDIA

You are hereby summoned to comply with the de
AND CORRECT COPY ACCOMPANIES THIS C
a pleading or otherwise, in the Seventh Judicial D
State of Louisiana, within fifteen (15) days after th

This service was ordered by attorney ALLAN PL
November 26, 2008.

☐ Moved, a  DOC # 44151
☐ Post Offic  TO MICHAEL BELL
☐ Not know
☐ Unable to  PER _____ DOM _____
☐ Hold - rec  (PRINT) DOES NOT WORK
☐ District At  SIGN. HERE ANY MORE
☐ In the Arr  MILEAGE 14  DATE 12-1
☐ Hospitaliz
☐ Not serve  DEPUTY G Loomis
☐ Received
☐ This address not in our parish
☐ Comments or other reasons for serving _____
No longer employed with
Ferriday Police Dept.

Personal: _____ Domiciliary: _____
Served To: _____
Mileage: _____
12-1-08                George Loomis
  Date              Deputy Sheriff
6307 - Smith Printing

FILED 12/2/08
BY _____ Deputy Clerk of Court

_____
Deputy Clerk of Court for
Clyde R. Webber, Jr., Clerk of Court

### SERVICE INFORMATION

Received on the ____ day of _____, 20___ and on the _____ day

of _____, 20___ served the above name party as follows:

**PERSONAL SERVICE** on the party herein named _____.

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:   PARISH OF _____ this ___ day of _____, 20___.

SERVICE    $ _____
MILEAGE    $ 14.56
TOTAL      $ _____

BY: _____
    Deputy Sheriff



EXHIBIT
B

SERVICE

FORM: 101
[CITATION]

SEVENTH JUDICIAL
PARISH OF CONCORDIA
STATE OF LOUISIANA

TO **Ricky Hollins**
PER ✓ DOM _____
(PRINT) _____
SIGN. _____
MILEAGE 14   DATE 12-1
DEPUTY _____

44151-A

RICHARD STEWART, JR

V

MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN & CITY OF FERRIDAY

TO: RICKY HOLLINS
   THRU FERRIDAY POLICE DEPT
   1302 EE WALLACE BLVD
   FERRIDAY, LA

FILED 12/2/08
BY _____ Deputy Clerk of Court

Parish of CONCORDIA

You are hereby summoned to comply with the demand contained in the Petition of which A TRUE AND CORRECT COPY ACCOMPANIES THIS CITATION, or make an appearance either by filing a pleading or otherwise, in the Seventh Judicial District Court in and for the Parish of Concordia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney ALLAN PLACKE and was issued by the Clerk of Court on November 26, 2008.

_____
Deputy Clerk of Court for
Clyde R. Webber, Jr., Clerk of Court

### SERVICE INFORMATION

Received on the 26 day of November, 2008 and on the 1 day of December, 2008 served the above name party as follows:

**PERSONAL SERVICE** on the party herein named Ricky Hollins.

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:   PARISH OF Con.   this 2 day of December, 2008

SERVICE   $ 20.00
MILEAGE   $ 14.56
TOTAL     $ 34.56

BY: _____
    Deputy Sheriff



SERVICE

FORM: 101
[CITATION]

SEVENTH JUDICIAL
PARISH OF CON
STATE OF LOUIS

TO D.J. FREEMAN
PER _____ DOM _____
(PRINT) _____
SIGN. __Freeman__
MILEAGE /4 DATE /2-2
DEPUTY _G. Toomis_
works for CPSO

44151-A

RICHARD STEWART, JR

V

MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN & CITY OF FERRIDAY

TO: D.J. FREEMAN
    THRU FERRIDAY POLICE DEPT
    1302 EE WALLACE BLVD
    FERRIDAY, LA

Now employed at:
Concordia Parish
Sheriff's Office

FILED 12/3/04
BY _____
Deputy Clerk of Court

Parish of CONCORDIA

You are hereby summoned to comply with the demand contained in the Petition of which A TRUE AND CORRECT COPY ACCOMPANIES THIS CITATION, or make an appearance either by filing a pleading or otherwise, in the Seventh Judicial District Court in and for the Parish of Concordia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney ALLAN PLACKE and was issued by the Clerk of Court on November 26, 2008.

_____
Deputy Clerk of Court for
Clyde R. Webber, Jr., Clerk of Court

SERVICE INFORMATION

Received on the 26 day of November, 2008 and on the 2 day

of December, 2008 served the above name party as follows:

**PERSONAL SERVICE** on the party herein named D. J. Freeman

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: PARISH OF Con. this 3 day of December, 2008

SERVICE    $ 20.00
MILEAGE    $ 14.56
TOTAL      $ 34.56

BY: _George Toomis_
    Deputy Sheriff

SERVICE

FORM: 101
[CITATION]

SEVENTH JUDI[CIAL]

PARISH OF CON[CORDIA]

STATE OF LOUI[SIANA]

TO TOWN OF FERRIDAY / GLEN MC GLOTHIN
PER _____ DOM ✓
(PRINT) GAIL COWAN
SIGN. _____
MILEAGE 14  DATE 12-1-08
DEPUTY _____

44151-A

RICHARD STEWART, JR

V

MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN & CITY OF FERRIDAY

TO: CITY OF FERRIDAY LOUISIANA
    THRU HONORABLE GLEN MCGLOTHIN
    1116 2ND STREET
    FERRIDAY, LA

Parish of CONCORDIA

You are hereby summoned to comply with the demand contained in the Petition of which A TRUE AND CORRECT COPY ACCOMPANIES THIS CITATION, or make an appearance either by filing a pleading or otherwise, in the Seventh Judicial District Court in and for the Parish of Concordia, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney ALLAN PLACKE and was Issued by the Clerk of Court on November 26, 2008.

_____
Deputy Clerk of Court for
Clyde R. Webber, Jr., Clerk of Court

## SERVICE INFORMATION

Received on the 26 day of November, 2008 and on the 1 day of December, 2008 served the above name party as follows:

**PERSONAL SERVICE** on the party herein named _____ .

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile in this parish in the hands of Gayle Cowan, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: PARISH OF Con. this 2 day of December, 2008.

SERVICE   $ 20.00
MILEAGE  $ 14.56
TOTAL    $ 34.56

BY: _____
    Deputy Sheriff

SERVICE

CIVIL SUIT NO.: 44151-A

| | |
|---|---|
| **RICHARD STEWART, JR.** | **7TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF CONCORDIA** |
| **MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN AND CITY OF FERRIDAY** | **STATE OF LOUISIANA** |

## DILATORY EXCEPTION OF VAGUENESS

NOW INTO COURT, through undersigned counsel, come Exceptors, RICKEY HOLLINS, D.J. FREEMAN, AND TOWN OF FERRIDAY, who, appearing specially and solely for the purpose of this Exception, respectfully represent and show:

1.

Plaintiff, RICHARD STEWART, JR., has filed suit against Exceptors for damages allegedly arising in an incident occurring on or about February 18, 2008, in Concordia Parish, Louisiana.

2.

In Paragraph 7 the Petition, plaintiff attributes acts of negligence to defendants in a "non-exclusive particulars" manner.

3.

Further contained in Paragraph 7(g) is an allegation against defendants for "other such acts as may be shown during the course of discovery and on final trial hereof".

4.

In Paragraph 9, plaintiff again attributes allegations of negligence against defendants in a "non-exclusive particulars" manner.

5.

Finally, in Paragraph 9(f), plaintiff pleads "Other damages as may be shown on final trial herein" against defendants.

6.

As such, and regarding the language contained in Paragraphs 7, 7(g), 9 and 9(f) of plaintiff's Petition, Exceptors, RICKEY HOLLINS, D.J. FREEMAN, AND TOWN OF FERRIDAY, pleads the Dilatory Exception of Vagueness in accordance with **LSA-C.C.P. Art. 926(A)(5)** for the reasons more fully explicated in the Memorandum in Support which is attached and incorporated by reference herein.

WHEREFORE, EXCEPTORS, RICKEY HOLLINS, D.J. FREEMAN, AND TOWN OF



FERRIDAY, PRAY:

(1) That Plaintiff be served with a copy of this Exception, and Memorandum in Support thereof through his attorney of record; that this matter be set for hearing, and that after all due legal proceedings are had that there be Judgment in favor of Exceptors, RICKEY HOLLINS, D.J. FREEMAN, AND TOWN OF FERRIDAY, and against Plaintiff, RICHARD STEWART, JR., ordering Plaintiff to clarify the allegations contained in Paragraphs 7, 7(g), 9 and 9(f) of his Petition for Damages, or alternatively, to delete said language from Paragraphs 7, 7(g), 9 and 9(f) of his Petition; that, should Plaintiff fail or refuse to amend his Petition within a time specified by this Honorable Court, that this matter be dismissed without prejudice at Plaintiff's sole cost; and

(2) That Plaintiff be cast with all costs of the filing and hearing of this Exception.

Respectfully Submitted:

**KEISER LAW FIRM, P.L.C.**
Attorneys at Law
P.O. Box 12358
Alexandria, Louisiana   71315-2358
Telephone: (318) 443-6168, Fax: (318) 443-6211

By: _____
Randall B. Keiser (#20894)
D. Heath Trahan (#29051)

**ATTORNEYS FOR EXCEPTORS, RICKEY HOLLINS, D.J. FREEMAN, AND TOWN OF FERRIDAY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all known counsel of record, in a manner authorized by law on this the 30th day of December, 2008.

_____
OF COUNSEL

CIVIL SUIT NO.: 44151-A

| | |
|---|---|
| RICHARD STEWART, JR. | 7TH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF CONCORDIA |
| MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN AND CITY OF FERRIDAY | STATE OF LOUISIANA |

## MEMORANDUM IN SUPPORT OF DILATORY EXCEPTION OF VAGUENESS

MAY IT PLEASE THE COURT:

RICHARD STEWART, JR. is the plaintiff in the above-captioned matter. He filed suit against RICKEY HOLLINS, D.J. FREEMAN, AND TOWN OF FERRIDAY, for damages allegedly arising in an incident occurring on or about February 18, 2008, in Concordia Parish, Louisiana.

In Paragraphs 7, 7(g), 9 and 9(f) of his Petition for Damages, plaintiff, RICHARD STEWART, make claims utilizing ambiguous "non-exclusive" language.

In Paragraphs 7 and 9 of his Petition for Damages, plaintiff, KIRK LANGHEINZ, makes claims utilizing ambiguous "non-exclusive particulars" language.

Further contained in Paragraph 7(g) is an allegation against defendants for "other such acts as may be shown during the course of discovery and on final trial hereof".

Finally, in Paragraph 9(f), plaintiff pleads "Other damages as may be shown on final trial herein" against defendants.

For the reasons which follow, use of said language has been deemed vague and ambiguous by the Third Circuit Court of Appeal, and Petitioner is obligated to file the Exception of Vagueness in order to protect the record, for reasons which are explicated below.

## LAW AND ARGUMENT

Louisiana Code of Civil Procedure, Article 926, provides that the defendants may raise an objection to vagueness of the petition through a dilatory exception. The purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved, so as to enable the defendant generally to prepare his defense. **Washington v. Flenniken Construction Company, 188 So. 2d 486 (La. App. 3 Cir. 1966).** An exception of vagueness is the proper procedural vehicle for defendant to use to clarify the specific nature of a

plaintiff's allegations. Sikes v. McLean Trucking Co., 383 So. 2d 111, 114 (La. App. 3 Cir. 1980). In Sikes, the plaintiff alleged "...severe and painful injuries **including but not limited to**, an acute cervical and lumbar strain." **Id. at 113.** At trial, plaintiff's counsel elicited testimony concerning headaches to which defendant's counsel objected. The objection was overruled. In denying defendants assignment of error on this point, the Court of Appeal held that defendant was not surprised, considering the discovery that had taken place. The court further stated that the exception of vagueness was available to defendant so that it could be apprised of plaintiff's actual injuries and added that defendants had not filed such an exception.

In **Guillory v. Simmons, 399 So. 2d 795 (La. App. 3 Cir. 1981)**, plaintiff's petition plead in a **"non-exclusive"** fashion regarding the alleged negligent acts of the defendant. At trial, the defendant sought to object to the plaintiff introducing acts of negligence beyond those described in his petition. In addressing this point, the Third Circuit Court of Appeal through Judge Doucet stated:

> Next, defendant argues that the amount of the award is incorrect. He contends that recovery should not have been allowed for correcting any defects not complained in the listing of paragraph three of plaintiff's petition. That contention is without merit. Plaintiff's petition clearly states that the listing is non-exclusive. Any complaints that defendant may have had about the sufficiency of the listing <u>were waived as a result of his failure to raise them through the dilatory exception of vagueness</u> or ambiguity of the petition. **LSA-C.C.P Art. 926. Guillory, 399 So. 2d at 797.[Emphasis Added]**

As the Third Circuit Court noted, the defendant waived any complaints about the sufficiency of the description of plaintiff's allegations by failing to raise them through the dilatory exception of vagueness regarding plaintiff's petition.

If the Exception of Vagueness is not pleaded, it is waived; therefore, Exceptor is obligated to plead the vagueness exception at this time. See, **Gobin v. Kogel, 375 So. 2d 755 (La. App. 4 Cir, 1979)**. The Third Circuit Court of Appeal in **Snoddy v. City of Marksville, 97-327 (La. App. 3 Cir. 10/8/97); 702 So. 2d 890, 899** (a case originating in this Honorable Court) noted that "open ended allegations" <u>should be met</u> with either an exception of vagueness or a motion to strike. As Judge Gremillion noted:

> *We agree with the rationale in* **Sikes** *and do not intend to change it with this opinion. Open-ended allegations should be met with either an exception of vagueness or a motion to strike. By filing such, petitioner is placed on notice that she should specifically plead negligence and damages and that she cannot rely on general, open-ended allegations. Just as open-ended allegations do not fairly allow a defendant to form a defense, failure to object to them places the petitioner in the position that she may feel entitled to offer*

*proof of "any and all negligence" as well as "any and all damages" at the trial on the merits. Either situation allows the unwary to fall into a trap.*

As such, Exceptor is obligated to bring this Exception at this time. Some of the language contained in plaintiff's petition is substantially similar to that contained in the cited cases.

One purpose of the Exception of Vagueness is to place the defender on notice of the nature of facts sought to be proved so as to enable him to identify the cause of action. **Bustamente v. Vezina, 95-556 (La. App. 5 Cir. 1/30/96); 668 So.2d 1286.** Here, any other allegations of fault or damages to the body need to be identified.

A vague, uncertain or indefinite Petition is subject to an Exception of Vagueness. **Matte v. Continental Trailways, 278 So.2d 60, 62 (La. 1973).**

It is respectfully submitted that the vague and ambiguous language contained in the Petition should be clarified, or deleted by the Plaintiff.

Respectfully Submitted:

**KEISER LAW FIRM, P.L.C.**
Attorneys at Law
P.O. Box 12358
Alexandria, Louisiana 71315-2358
Telephone: (318) 443-6168, Fax: (318) 443-6211

By: _____
Randall B. Keiser (#20894)
D. Heath Trahan (#29051)

**ATTORNEYS FOR EXCEPTORS, RICKEY HOLLINS, D.J. FREEMAN, AND TOWN OF FERRIDAY**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all known counsel of record, in a manner authorized by law on this the 30th day of December, 2008.

_____
OF COUNSEL

CIVIL SUIT NO.: 44151-A

| | |
|---|---|
| **RICHARD STEWART, JR.** | **7TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | **PARISH OF CONCORDIA** |
| **MICHAEL BELL, RICKY HOLLINS, D.J. FREEMAN AND CITY OF FERRIDAY** | **STATE OF LOUISIANA** |

## ORDER

CONSIDERING THE ABOVE AND FOREGOING DILATORY EXCEPTION OF VAGUENESS;

IT IS ORDERED that plaintiff, RICHARD STEWART, JR., show cause on the _____ day of _____, 200__, at _____ ___.m., why Exceptor's Dilatory Exception of Vagueness should not be granted, and why he should not be ordered to clarify the allegations of his Petition, or alternatively, to have the ambiguous language complained of deleted; and, if allowed to amend, and should he refuse or fail to amend as ordered, why Plaintiff's claims against Exceptor should not be dismissed at Plaintiff's sole cost.

Order signed at Vidalia, Concordia Parish, Louisiana on this _____ day of _____, 200__.

_____
HONORABLE KATHY A. JOHNSON
JUDGE, 7th JUDICIAL DISTRICT COURT

**PLEASE SERVE VIA LSA-C.C.P. ART. 1313 (CERTIFIED MAIL):**

RICHARD STEWART, JR.
through his attorney of record:
Mr. Allan L. Placke
Johnson & Placke, LLP
105 Regency Place
West Monroe, LA 71291